IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHIEFTAIN ROYALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>QEP ENERGY COMPANY<br>(including affiliated predecessors<br>and successors),<br><br>Defendant. | Case No. _____<br><br>(Case No. CJ-2011-1 District<br>Court of Dewey County) |

## NOTICE OF REMOVAL

Defendant QEP Energy Company ("QEP") respectfully notifies this Court of the removal of this action from the District Court of Dewey County, Oklahoma to this Court and states as follows:

**I.   THE ACTION**

Plaintiff Chieftain Royalty Company filed this class action in the District Court of Dewey County, Oklahoma, on January 20, 2011, which was assigned Case No. CJ-2011-1. *See* Summons and Petition, attached as Exhibits 1a and 1b. QEP was served with the Petition on January 31, 2011. Service of Process Transmittal, attached as Exhibit 1c. With the holiday on February 21, QEP filed its Answer in the District Court of Dewey County on February 22. *See* Answer, attached as Exhibit 2. Pursuant to the Local Court

Rule 81.2 of this Court, a copy of the state court docket sheet is attached as Exhibit 3, showing that no other pleadings have been filed.[1]

## II. JURISDICTION OF THE FEDERAL DISTRICT COURT

This action is removable to this Court under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1453, and 1711-1715. Under 28 U.S.C. §1332(d)(2), federal courts have original jurisdiction of class actions where the amount in controversy exceeds $5,000,000, and where "any member of a class of plaintiffs is a citizen of a state different from any defendant."  Because QEP is not a citizen of Oklahoma, there is not a basis for declining federal court jurisdiction under 28 U.S.C. § 1332(d)(3) and (4), and this court "shall have original jurisdiction." 28 U.S.C. § 1332(d)(2). 28 U.S.C. § 1453 provides that a class action is removable in accordance with the usual removal procedure outlined in 28 U.S.C. § 1446.

### A.   There is Diversity of Citizenship.

Plaintiff Chieftain Royalty Company is an Oklahoma corporation with its principal place of business in Oklahoma. Petition ¶ 1. Thus, the named Plaintiff and some of the remaining members of the proposed class are citizens of Oklahoma. *See* Petition ¶ 3.

---

[1] Plaintiff served its First Discovery Request with the Petition pursuant to state court rules. Under Federal Rules of Civil Procedure which govern upon removal, that discovery request is premature until a Rule 26 conference of the parties.

QEP is not a citizen of Oklahoma. Plaintiff alleges that QEP is a foreign corporation, Petition ¶ 2, and in fact QEP is incorporated in Texas with its principal place of business in Colorado. See Answer ¶ 2; Affidavit of John B. Wilkey, ¶ 2, attached as Exhibit 4. Because QEP's headquarters is in Colorado and QEP's officers direct, control, and coordinate the corporation's activities in Colorado, Colorado is the nerve center and principal place of business under *Hertz Corp., v. Friend*, 130 S.Ct. 1181, 1192 (2010).

Because "any member of a class of plaintiffs is a citizen of a State different from any defendant," this court "shall have original jurisdiction" under 28 U.S.C. § 1332(d)(2) if the amount in controversy exceeds $5,000,000.

**B.     The Amount In Controversy Exceeds Five Million Dollars.**

28 U.S.C. § 1332(d)(6) provides that the "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." While QEP denies that it is liable to the purported class for this or any amount, Plaintiff's Petition demonstrates that this amount is in controversy and that jurisdiction is satisfied. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008).

Plaintiff does not allege a total amount in controversy, but acknowledges that the claims of the named Plaintiff are less than $75,000. Petition ¶ 4. Plaintiffs seeks to

represent a class of "more than a thousand members," Petition ¶ 7, so even if the average claim of a class of 1,000 members was $5,000, the $5,000,000 amount in controversy would be satisfied. This is clearly satisfied by the face of the Petition.

In addition to claims for an accounting and injunction, Plaintiffs brings six claims, seeking recovery on each claim "cumulatively and in the alternative to each of the other claims made": 1) Breach of Contract, 2) Tortious Breach of Contract, 3) Breach of Fiduciary or Quasi-Fiduciary Duty, 4) Fraud (Actual and Constructive) and Deceit, 5) Conversion, and 6) Conspiracy. The Petition is not limited to a specific time period, and asserts claims for underpaid royalty back to the beginning of production without regard to any statute of limitations. *See* Petition ¶¶ 29 & 32. Plaintiff's discovery requests go back to 1988. *See* Plaintiff's First Discovery Request, attached to Petition in Exhibit 1d, pages 2 & 9.

QEP operates over 700 wells producing gas in Oklahoma. Excluding governmental entities and publicly-traded companies as the class is defined in the Petition, ¶6, those wells produced over 2,800,000 mcf attributable to royalty interests in 2010, and over 31,600,000 mcf attributable to royalty interests over the ten years from 2000-2009. Affidavit of John B. Wilkey, Exhibit 4, ¶3. QEP paid over $11 million in royalty for that production in 2010, and over $140 million over the ten years from 2000-2009. *Id.* at ¶4. While QEP does not concede that such a class should be certified, Plaintiff's Petition seeks recovery for underpaid royalties without limitation by the statute

of limitations. Even a very small recovery per mcf would quickly accumulate beyond the $5,000,000 jurisdictional amount.

In fact, Plaintiff's counsel has described a range of settlements of class actions in Oklahoma from less than 15 cents per mcf to a settlement he reached for $1.50 per mcf in a case in Caddo County. See "Supplemental Brief in Support of Attorney Fees, Litigation Costs and class Representatives Fees from the Common Fund," *Simmons et. al. v. Anadarko Petroleum Corp.*, Case No. CJ-2004-57) (D. Caddo County, Okla., Dec. 1, 2008) at 3, attached as Exhibit 5. After excluding production attributable to government entities and publicly-traded companies that are excluded from the class, QEP's production in Oklahoma totaled over 34,400,000 mcf attributable to royalty interests over the previous eleven years. See Affidavit of John B. Wilkey, Exhibit 4, ¶3. Even a recovery of 15 cents per mcf for eleven years would exceed the $5,000,000 threshold. Plaintiff's Petition seeks recovery beyond eleven years, for multiple claims, and without limit where Plaintiff's counsel has achieved recoveries up to $1.50 per mcf.

Without agreeing that a class should be certified or that any recovery is justified, it is clear that what Plaintiff seeks and has put at issue in the Petition is well beyond the jurisdictional amount. This Court has accepted removal under the Class Action Fairness Act of a case against Questar and Anadarko where the class involves wells located in just two Oklahoma counties. See *Naylor Farms v. Anadarko OGC Co. et al.*, 2009 U.S.Dist.

LEXIS 127516 (W.D.Okla. 2009), attached as Exhibit 6. Here, Plaintiff seeks to represent a statewide class. Petition at ¶6.

Further, Plaintiff's claim for cumulative relief includes a claim for punitive damages on each of the six claims identified above. QEP denies any basis for punitive damages, and QEP denies that cumulative relief is available for different claims or for multiple class members. But the nature of Plaintiff's claims determine the amount in controversy. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008). Plaintiff alleges that QEP acted "intentionally, maliciously and with utter disregard for the rights of the Class," Petition ¶ 28, apparently seeking to invoke the Oklahoma statute for Category II punitive damages which authorizes an award of $500,000 or twice the amount of actual damages awarded, whichever is greater. 23 Okla. Stat. § 9.1(C). For purposes of determining what Plaintiff has placed in controversy, and without conceding that any conduct justifies punitive damages or that multiple awards of punitive damages are available, it takes "effortless mathematical calculations" to conclude that Plaintiff's cumulative claims for Category II punitive damages of up to $500,000 for multiple claims for over 1,000 class members far exceeds the $5,000,000 threshold for jurisdiction. *See Plummer v. Farmers Group, Inc.*, 388 F.Supp.2d 1310, 1318 (E.D. Okla. 2005) (finding that it takes "effortless mathematical calculations" to conclude that class claims for punitive damages which could result in damages of $100,000 under 23 O.S. § 9.1 for each proven individual claim far exceeds the $5,000,000 requirement).

### C. Removal is Timely

Plaintiff served QEP with the Petition on January 31, 2011. *See* Exhibit 1c. A Notice of Removal is timely if filed within 30 days, or by March 2. 28 U.S.C. § 1446(b).

### D. Venue is Appropriate

The state court action was filed in Dewey County, Oklahoma, which is within the Western District of Oklahoma, so removal to this court is proper under 28 U.S.C. § 1446(a).

### E. Notice of Removal

Pursuant to 28 U.S.C. § 1446(d), QEP is giving written notice of the Notice of Removal by service of this Notice on Plaintiff and is filing a copy of the Notice with the clerk of the District Court of Dewey County so that it can effect the removal of the case.

### F. Applications of Counsel

Counsel of the firm of Holland & Hart LLP have submitted applications for admission to the bar of the Western District of Oklahoma based on their standing as members of the bar in Colorado.

## III. REQUEST FOR RELIEF

Defendant QEP hereby removes the above-captioned action from the District Court of Dewey County, State of Oklahoma, and requests that further proceedings be conducted in this Court as provided by law.

Dated: February 28, 2011.

        Respectfully submitted,

        */s/ Max C. Tuepker*
        Max C. Tuepker, OBA No. 9117
        MAX C. TUEPKER, P.C.
        1322 N. Walker Avenue
        Oklahoma City, Oklahoma  73103
        Phone: 405-235-1700
        Fax: 405-235-1714
        mtuepker@tuepker.com

        John F. Shepherd P.C., OBA No. 20569
        Barry C. Bartel, Colo. Bar No. 23040
        HOLLAND & HART LLP
        555 17th Street, Suite 3200
        Denver, CO 80202-3979
        Phone: 303-295-8000
        Fax: 303-295-8261
        JShepherd@hollandhart.com
        BCBartel@hollandhart.com

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on 28th day of February, 2011, I caused to be served the foregoing on the following by United States mail, first class postage prepaid:

Robert N. Barnes
BARNES & LEWIS LLP
720 Northwest 50th Street, Ste 200 B
Oklahoma City, OK  73118

/s/ Max C. Tuepker
Max C. Tuepker

5031448_2.DOCX