IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHIEFTAIN ROYALTY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-11-212-R |
| | ) |
| QEP ENERGY COMPANY (including | ) |
| affiliated predecessors and successors) | ) |
| | ) |
| Defendant. | ) |

**FINDINGS AND CONCLUSIONS**

This matter comes before the Court on the Plaintiffs' Motion for Approval of Attorneys' Fees, Litigation Expenses and Case Contribution Award, wherein they seek attorneys' fees equal to one-third of the total Settlement value in this action (cash and present value of future benefits), litigation expenses not to exceed $1,054,366.77, and an incentive award for the class representatives, Chieftain Royalty Company and Jack Lancet totaling one-half of one percent of the total Settlement value.[1] In response to the Notice of Settlement, two absent class members objected to the amount of fees sought by Plaintiff, and one of those two objected to the substantive terms of the Settlement. The Court conducted a Final Fairness Hearing on the matter on May 28, 2013, and in accordance with Rule 23(h) and 52(a) of the Federal Rules of Civil Procedure, finds as follows.

1. In January, 2011, in the District Court of Dewey County, Plaintiff Chieftain Royalty Company filed this action on its behalf and on behalf of similarly situated royalty

---

[1] In the original motion seeking expenses the class sought expenses not to exceed $1,350,000.00. At the Final Fairness Hearing the class revised the number downward to the current request set forth above.

owners with regard to wells operated by Defendant QEP or from which Defendant sold gas and alleging underpayment of royalty.

    2.  On February 28, 2011, this Litigation was removed by Defendant to this Court.

    3.  Upon motion of the Plaintiff, on March 16, 2012, the Court certified the case as a class action.

    4. On April 16, 2012, in conjunction with the filing of an amended complaint, Jack Lancet was appointed as an additional class representative.

    5.  The action ultimately settled in January 2013, resulting in the filing of these motions as part of the settlement process.

    6.  Pursuant to the terms of the Stipulation and Agreement of Settlement, the Defendant agreed to pay $115,000,000.00 in cash, the Settlement Fund, to be distributed to the royalty owners who are Class Members.

    7.  There are additional anticipated Future Benefits to the class members, with a net present value of $40,000,000.00.[2]

    8.  The case was litigated effectively and efficiently by Class Counsel.

    9.  There were two objections to the settlement received, and only one objector, Garry Crain, appeared at the hearing. The absent objector, Douglas Stern, objected solely to the

---

[2] At the fairness hearing Plaintiffs made reference to the 40,000,000 present value of Future Benefits as conservative, and indicated a belief that the total settlement value of this action exceeds $300,000,000. Regardless of their contentions at the hearing, the Court limits its consideration to the motion filed by the class, representing that the $40,000,000.00 value for purposes of calculating a common fund of $155,000,000.

fee request, but in essence merely asked the Court to ensure the fee awarded was fair. Garry Crain challenged both the fee and expense request as well as the alleged future value of the settlement and the fairness thereof.

10. "The settlement in this case created a 'common fund' from which the plaintiff class obtained benefit. Attorneys' fees are appropriately awarded from that fund, on the theory 'that persons who obtain the benefit of a lawsuit without contributing to its costs are unjustly enriched at the successful litigant's expense.'" *Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994)(quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). The Court has a fiduciary duty to the class to ensure that attorneys' fees and costs are reasonable.

13. "When there is a common fund created by settlement, courts have applied one or two methods of determining reasonable attorneys' fee awards: by a percentage of the fund or by the lodestar method developed in statutory fee shifting cases. See *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993). We have recently implied "a preference for the percentage of the fund method" in common fund cases. *Gottlieb v. Barry*, 43 F.3d at 483." *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995).

14. "In all cases, whichever method is used, the court must consider the twelve *Johnson* factors." *Id.*

> The *Johnson* factors include: "the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or

contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the 'undesirability' of the case, the nature and length of the professional relationship with the client, and awards in similar cases." *Gottlieb*, 43 F.3d at 482 n. 4 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974)).

15. Although the Court must address the *Johnson* factors, rarely will all of the factors be applicable, especially in a common fund case. *Uselton*, 9 F.3d at 854 *(quoting Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988)).

16. The Court is unable to accurately assess the time and labor involved in this case with regard to legal work. It is alleged in Plaintiffs' submissions that Class Counsel cumulatively provided 10,000 of attorney and professional time, although it is not specified how many of those hours were attorney hours on this case; no billing records or summaries were provided to support this element.[3]

17. The issues herein presented issues of Oklahoma law that have been and are currently being litigated in numerous forums throughout Oklahoma.

18. Class counsel were qualified to handle the issues, and did an excellent job in litigation of this case, culminating in the negotiation of an outstanding settlement. The settlement occurred as the result of mediation, well prior to the filing of any summary

---

[3] The Court notes that it is not required, nor would it have engaged in a lodestar assessment of the hours versus a reasonable hourly rate. A more accurate statement regarding hours expended by counsel, as distinguished from total hours expended by counsel and staff, would have aided the Court in assessing this particular *Johnson* factor.

judgment motions or the scheduled trial date.[4]

18. The fee agreement with the individual Plaintiffs called for a 40% contingency, with fees recoverable by counsel only in the event of recovery for the Plaintiffs.

19. Chieftain and the firm of Barnes & Lewis have an attorney-client relationship that dates back to the fall of 2010, when Chieftain apparently sought counsel with regard to this case and other litigation. Chieftain's relationship with the firm of Nix, Patterson & Roach was created as a result of this litigation. Class Counsel had experience in oil and gas class action litigation.

20. The Court finds limited utility in the evidence presented by Plaintiffs regarding the decisions in Oklahoma state court to award forty percent of the common fund as attorneys' fees in oil and gas cases, because there was little to no evidence regarding those cases such that the Court could ensure it is making an accurate comparison.[5] With regard to the two cases conducted before this Court, *Naylor Farms, Inc. v. Anadarko OGC*, Case No. Civ-08-668-R involved significant motion practice, including the filing of numerous motions for summary judgment, and the attorney fee awarded in *Hill v. Marathon Oil Company*, CIV-08-37-R, was limited to one-third of the common fund for a case that spanned more than

---

[4] The Court acknowledges the substantial number of affidavits presented by Plaintiffs' counsel in support of their fee request from esteemed legal professionals, absent class members and the special master, and finds no need to repeat those positive affirmations herein.

[5] The same holds true for Plaintiffs' chart illustrating the value of common funds in class action lawsuits in Oklahoma federal court. There is no indication in the record regarding the size and composition of the classes in those cases, or whether, unlike here, substantial motion practice occurred in those cases prior to settlement thereof.

four years in this court, after three years in state court.

21. Although the declarations in support of the fee request indicate that due to the nature of this litigation and the relative size of the law firms involved, that Class Counsel would have likely had to forego other opportunities to pursue this action, the Court notes that Class Counsel did not indicate it did so, nor did Class Counsel provide the Court with any examples of litigation either firm turned away in order to pursue this case.  The Court notes that during the pendency of this litigation Barnes & Lewis was able to assist another law firm in a class action settlement, Mr. Beckworth has worked on a class action in the Eastern District of Oklahoma that resulted in a 2012 settlement, and Barnes & Lewis was able to represent Chieftain before the United States Court of Appeals for the Tenth Circuit in an interlocutory appeal filed by a defendant challenging Chieftain's successful effort to obtain certification of a class action.  Minimal internet searching revealed that Nix, Patterson & Roach has been involved in at least three other class action lawsuits during the pendency of this action.  Accordingly, the Court finds this factor does not weigh heavily in favor of the fee request.

22. In *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 455 n. 2 (10th Cir. 1988), the Tenth Circuit identified a fee range between 23.7 and 33.7 percent as reasonable based on the decisions of other courts. *See also* 4 Newberg On Class Actions § 14:6 (4th ed. 2002) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

21. The Court finds that the awarding of fees totaling thirty percent of the total settlement value is appropriate in this case, rather than the one-third sought by Class Counsel. This sufficiently rewards Class Counsel for their efforts while retaining additional benefits for the Class. The Court finds an award of this amount reasonably compensates Plaintiffs' counsel when considering the relevant *Johnson* factors. These fees shall be paid to Class Counsel from the Settlement Funds and such payment shall be made at the time and in the manner provided in the Stipulation. The appointment and distribution among Plaintiffs' Counsel of the attorneys' fees shall be within Class Counsel's sole discretion.

22. Plaintiffs also request a Case Contribution Award for the Class Representatives, Chieftain Royalty Company and Jack Lancet, totaling one-half of one percent of the $155,000,000.00 present value of the settlement.

23. "Incentive awards [to class representatives] are justified when necessary to induce individuals to become named representatives," but there is no need for such an award "if at least one [class member] would have stepped forward without the lure of an 'incentive award.'" *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722–23 (7th Cir.2001) (quoted in *UFCW Local 880-Retail Food Employers Joint Pension Fund v. Newmont Mining Corp.*, 352 Fed.Appx. 232, 235 (10th Cir. 2009)(construing objector's entitled to award)).

24. Furthermore, "a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class." *Id.* at 235-36 (citing *Parker v. Time Warner Entm't Co.*, L.P., 631 F.Supp.2d 242, 279 (E.D.N.Y.2009)

("The amount of the incentive award is related to the personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." (quotation omitted)); *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 257 (D.N.J.2005) (same).

25. The Court finds the named Plaintiffs are entitled to a Case Contribution Award in the amount requested, one-half of one percent of the $155,000,000.00 value. The foregoing shall be paid to Class Representatives from the Settlement, and such payment shall be made at the time and in the manner provided in the Stipulation. The appointment and distribution among Class Representatives of any Case Contribution Award shall be at their sole discretion.

26. Finally, the Court considers Plaintiffs request for an award of litigation expenses. The Court hereby awards Plaintiffs costs not to exceed $1,054,336.77, the amount requested at the hearing. The amount represented by expenses not yet incurred will remain in reserve until such time as those amounts are expended by class counsel. Those amounts expended to date, as set forth in Plaintiffs' filings, may be paid to counsel from the Settlement without delay.

27. These costs and the Class Contribution Award to the Class Representatives are to be deducted from the Settlement prior to calculation of the attorneys' fees for Class Counsel.

THEREFORE, IT IS ORDERED that Plaintiffs' Motion for Approval of Attorneys' Fees, Litigation Expenses and Case Contribution Award [Doc. No. 161] is granted as set forth above.

IT IS SO ORDERED this 31st day of May, 2013.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE